**Robert H. KETCHUM, Plaintiff,**

v.

**Dr. Salvador CRUZ, M.D., Defendant.**

**Civ. A. No. 91–F–865.**

United States District Court,
D. Colorado.

Aug. 30, 1991.

---

Robert H. Ketchum, pro se.

Mark A. Fogg, Larry S. McClung, Cooper & Kelley, P.C., Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

SHERMAN G. FINESILVER, Chief Judge.

Plaintiff Robert H. Ketchum is a former mental patient at Spanish Peaks Mental Health Center (the "center"), a private non-profit corporation in Pueblo, Colorado, and at Colorado Mental Health Institute (the "hospital") in Pueblo, formerly Colorado State Hospital. He initiated this action by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that his due process and equal protection rights under the United States Constitution were violated. He seeks money damages, unspecified declaratory and injunctive relief, and a court order prohibiting Salvador Cruz, M.D., a Pueblo physician affiliated with the center, and the center itself from harassing him or sending him to the hospital "for any reasons." Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343. We have examined and considered the record in this case. Oral argument would not materially assist our decision.

### I. BACKGROUND

In the complaint filed May 22, 1991, Mr. Ketchum is suing Dr. Cruz and the center. The center was dismissed as a party to the action in this court's May 22, 1991, order, and Mr. Ketchum's 42 U.S.C. § 1985(3) claim also was dismissed. At that time,

Dr. Cruz was ordered to file a special report, commonly referred to as a *Martinez* report, pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir.1978) and *El'Amin v. Pearce*, 750 F.2d 829 (10th Cir.1984), and to send a copy of the report to Mr. Ketchum. On June 17 and 25, 1991, Mr. Ketchum filed responses to the May 22, 1991, order and to the *Martinez* report. In the June 17, 1991, response, he seeks to amend the complaint by naming as co-defendants Robert W. Marshall, M.D., and Martin Schaefer, M.D., both affiliated with the hospital. In the spirit of *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972), the June 17, 1991, response will be liberally construed, in part, as a motion to amend the complaint pursuant to Fed.R.Civ.P. 15(a). Even reading the motion liberally, however, Mr. Ketchum makes no factual allegations to support a claim against Drs. Marshall and Schaefer, and apparently seeks to add them as defendants merely because they are mentioned in, and provided information for, the *Martinez* report. The motion is denied. On August 8, 1991, Dr. Cruz filed a motion to dismiss. On August 12 and 14, 1991, Mr. Ketchum filed responses opposing the motion to dismiss.

Mr. Ketchum's responses to the *Martinez* report and motion to dismiss follow the standard of incoherence contained in the complaint. They are convoluted, rambling and conclusory. At the heart of the complaint, however, is Mr. Ketchum's contention that, while he was residing at the center's Grand House, a residential treatment facility, Dr. Cruz and the center committed him to the hospital for seventy-two hours for "improper reasons," *i.e.*, as retaliation against him for complaining about his medical treatment, in violation of his federal constitutional rights. He further contends that they wrongfully conspired to commit him without a court hearing or without twenty-four hours' advance written notice. He disagrees with the decision to refer him to the hospital instead of to other "local facilities." He complains that, while at the hospital, the condition of his broken leg worsened, and he failed to receive Supplemental Security Income ("SSI") benefits through the Social Security Administration. Lastly, he complains that, when he was confined at the hospital, he was not provided with enough stamps for meaningful access to the courts.

## II. LEGAL DISCUSSION AND CONCLUSION

The complaint must stand unless it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Meade v. Grubbs*, 841 F.2d 1512, 1526 (10th Cir.1988). This is especially true when the complaint is *pro se*. However inartfully drafted, a *pro se* complaint is held to a less stringent standard than a formal pleading drafted by a lawyer. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); *Haines v. Kerner*, 404 U.S. at 520–21, 92 S.Ct. at 595–96. As we have considered matters that are outside the pleading, the motion to dismiss shall be treated as one for summary judgment pursuant to Fed.R.Civ.P. 56. *See* Fed.R.Civ.P. 12(b).

The emergency civil commitment procedure required by Colo.Rev.Stat. § 27–10–105 (1989) provides, in pertinent part, as follows:

(1)(a) When any person appears to be mentally ill and, as a result of such mental illness, appears to be an imminent danger to others or to himself or appears to be gravely disabled, ... a professional person, ... upon probable cause and with such assistance as may be required, may take the person into custody, or cause him to be taken into custody, and place him in a facility designated or approved by the executive director [of the department of institutions] for a seventy-two-hour treatment and evaluation.

(2) Such [mental health treatment] facility shall require an application in writing, stating the circumstances under which the person's condition was called to the attention of the ... professional person ... and further stating sufficient

facts, obtained from his personal observations or obtained from others which he reasonably believes to be reliable, to establish that the person is mentally ill and, as a result of mental illness, an imminent danger to others or to himself or gravely disabled. The application shall indicate when the person was taken into custody and who brought the person's condition to the attention of the ... professional person.... The application shall be kept on file by the seventy-two-hour treatment and evaluation facility for at least five years, and a copy shall be furnished to the person being evaluated.

(3) If the seventy-two-hour treatment and evaluation facility admits the person, it may detain him for evaluation and treatment for a period not to exceed seventy-two hours, excluding Saturdays, Sundays, and holidays if evaluation and treatment services are not available on those days. For the purposes of this subsection (3), evaluation and treatment services are not deemed to be available merely because a professional person is on call during weekends or holidays.

(4) Each person admitted to a seventy-two-hour treatment and evaluation facility under the provisions of this article shall receive an evaluation as soon after he is admitted as possible and shall receive such treatment and care as his condition requires for the full period that he is held. Such person shall be released before seventy-two hours have elapsed if, in the opinion of the professional person in charge of the evaluation, the person *no longer requires evaluation or treatment.* Persons who have been detained for seventy-two-hour evaluation and treatment shall be released, referred for further care and treatment on a voluntary basis, or certified for treatment pursuant to section 27–10–107.

■ Mr. Ketchum's claim that the temporary commitment to the hospital violated his due process and equal protection rights must fail. The *Martinez* report clearly documents that Dr. Cruz complied with the emergency procedures required by Colo. Rev.Stat. § 27–10–105. The report indicates (1) that Dr. Cruz had probable cause to commit Mr. Ketchum; (2) that prior to the commitment Dr. Cruz submitted an emergency mental illness report and application to the hospital; (3) that Mr. Ketchum was detained for evaluation for one day under the seventy-two hour commitment, diagnosed as suffering from "schizophrenic disorder, chronic paranoid type" by Dr. Marshall, a hospital staff psychiatrist, and recommended for in-patient hospital care; and (4) that Dr. Marshall admitted Mr. Ketchum to the hospital, where he remained on a voluntary basis for approximately six months after the initial involuntary commitment of which he complains.

■ Despite Mr. Ketchum's assertion to the contrary, no court hearing or twenty-four hours' advance written notice is required by Colo.Rev.Stat. § 27–10–105. Although Mr. Ketchum alleges he would have preferred emergency commitment to a facility other than the hospital, the statute does not specify that the treatment facility to which the mentally ill person is committed must be designated or approved by that person. Mr. Ketchum's disagreement with Dr. Cruz' decision to commit him to the hospital does not rise to the level of a constitutional claim. Mr. Ketchum does not question the constitutionality of the state statute itself.

■ Mr. Ketchum generally complains about "side effects" of the hospital commitment. He contends that the condition of his broken leg worsened during the commitment. The worsening of the injured leg, however, apparently occurred because he failed to comply with the recommended orthopedic treatment by bearing weight on a non-weight-bearing cast. *See Martinez* report, Exhibit 3, "Chief Complaint and Present Illness," ¶ 6. He complains that, while at the hospital, he failed to receive SSI benefits. The failure to receive benefits apparently occurred because his application was turned down. *See Martinez* report, Exhibit 3, "Chief Complaint and Present Illness," ¶ 1. Lastly, Mr. Ketchum complains the hospital failed to provide him with enough stamps for access to the

courts. The restriction of his stamp allotment apparently occurred because of his past tendency during hospital commitment to demonstrate "marked hypergraphia" in letter writing, a pattern with which this court is intimately familiar. *See Martinez* report, Exhibit 3, "Mental Status Exam." Merely stating that his due process and equal protection rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally we construe such pleadings. The claimed constitutional violations are conclusory, and must be dismissed. *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir.1986); *Sooner Products Co. v. McBride,* 708 F.2d 510, 512 (10th Cir.1983); *Wise v. Bravo,* 666 F.2d 1328, 1332–33 (10th Cir.1981).

Under Fed.R.Civ.P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In his responses to the *Martinez* report and motion, Mr. Ketchum disagrees in a conclusory fashion with each document, but he fails to offer facts disputing their allegations. Therefore, based on the undisputed facts, we conclude that Dr. Cruz is entitled to summary judgment as a matter of law. Dr. Cruz' motion for summary judgment is granted.

This is the fifteenth action that Mr. Ketchum has commenced in this court since 1989. *See* Appendix A. During the past couple years, Mr. Ketchum frequently has initiated these actions in batches, sometimes against the same litigants, often resurrecting previously dismissed claims. In orders addressing his latest flurry of filings, Mr. Ketchum was cautioned that this court may place reasonable restrictions on the court access of litigants who abuse the judicial process by harassing other litigants. *See Tripati v. Beaman,* 878 F.2d 351, 352 (10th Cir.1989); *Colorado ex rel. Colorado Judicial Dep't v. Fleming,* 726 F.Supp. 1216, 1221 (D.Colo.1989). He was cautioned that a pattern of a groundless and vexatious litigation will justify an order issued from this court enjoining him from filing any claims without first seeking prior leave of court. *See Winslow v. Romer,* 759 F.Supp. 670, 677–78 (D.Colo.1991); *Colorado ex rel. Colorado Judicial Dep't v. Fleming,* 726 F.Supp. at 1221. He was cautioned that, should he continue to file repetitive lawsuits without legal merit, an order will issue from this court enjoining him from filing any claims without first seeking prior leave of court. *See Colorado ex rel. Colorado Judicial Dep't v. Fleming,* 726 F.Supp. at 1221.

■ Both Fed.R.Civ.P. 11 and 28 U.S.C. § 1927 provide courts with the power to sanction abusive *pro se* litigants. *Colorado ex. rel. Colorado Judicial Dep't v. Fleming,* 726 F.Supp. at 1219. Injunctions are proper where, as here, the litigant's abusive litigation history is properly set forth. *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir.1989). Where a litigant's court access is restricted, guidelines must be set forth so that the litigant is aware of what must be done in order to obtain the court's permission to file an action. *Id.* at 354; *Rubins v. Roetker,* 737 F.Supp. 1140, 1145 (D.Colo.1990).

■ We conclude that appropriate sanctions should be imposed against Mr. Ketchum because of his consistent and repeated abuse of the legal system. To relieve the court, protect other parties from the burdens of Mr. Ketchum's frequent and frivolous litigation, and protect other litigants' rights to access to the court, Mr. Ketchum's access to the courts will be restricted. Mr. Ketchum is prohibited from initiating a civil action in the United States District Court for the District of Colorado without the representation of an attorney licensed to practice in the State of Colorado and admitted to practice in this court, unless he first obtains leave of the court to proceed *pro se.* The specific procedures for obtaining the court's permission to proceed *pro se,* which have been adapted from this court's holding in *Colorado ex rel. Colorado Judicial Dep't v. Fleming,* 726

F.Supp. at 1221–24, are outlined in Appendix B to this opinion.

The Clerk of the Court, or designated deputies, shall not accept any pleadings submitted by Mr. Ketchum initiating a civil action unless he is represented by an attorney licensed to practice in the State of Colorado and admitted to practice in this court, or unless he has first obtained leave of this court to file the action *pro se.* The Clerk of the Court shall create and maintain a file titled, "In the Matter of Robert H. Ketchum, a/k/a Jim Ehler and Kent C. Norman." This file shall serve as the repository of all orders relating to Mr. Ketchum within this district, documents submitted by Mr. Ketchum pursuant to this order, and any order or minute order entered pursuant to this order. The Clerk of the Court also shall maintain a docket sheet associated with this file and shall list all documents contained in the file.

ACCORDINGLY, it is ORDERED that:

(1) The motion to amend is denied;

(2) Dr. Cruz' summary judgment motion is granted;

(3) The complaint and the action are dismissed;

(4) Mr. Ketchum is enjoined from proceeding as a proponent of any claim in the United States District Court for the District of Colorado without the representation of any attorney licensed to practice in the State of Colorado and admitted to practice in this court, unless Mr. Ketchum first has obtained leave of the court to proceed *pro se* in accordance with specific procedures outlined in Appendix B to this opinion.

### APPENDIX A

#### Summary of Federal District Court Actions Initiated by Robert H. Ketchum

(1) *Ketchum v. Food & Drug Admin., et al.,* No. 89–Z–2182 (D.Colo. Jan. 31, 1990), *adopting* Dec. 20, 1989, United States Magistrate's recommendation of dismissal, *aff'd,* No. 90–1031 (10th Cir. Aug. 6, 1990). *Pro se* civil rights action under 42 U.S.C. § 1983 against the Food and Drug Administration, American Psychiatric Association, Postmaster General of the United States Postal Service and the United States Postal Service for damages and other relief. Mr. Ketchum disagrees with his medical treatment over a ten-year period, complains that his right to court access is being violated because the United States Postal Service will not deliver his unstamped mail, and asserts that these alleged constitutional violations result from a conspiracy by defendants.

(2) *Ketchum v. District Court,* No. 89–Z–2183 (D.Colo. Jan. 31, 1990), *adopting* Dec. 20, 1989, United States Magistrate's recommendation of dismissal, *aff'd,* No. 90–1032 (10th Cir. Aug. 6, 1990), *reh'g denied,* No. 90–1328 (10th Cir. Apr. 6, 1991). *Pro se* civil rights action under 42 U.S.C. § 1983 against United States District Court for the District of Colorado for damages and other relief. Mr. Ketchum complains about his inability to gain court access because of having to submit his complaint on a court-provided form and to move the court for leave to proceed *in forma pauperis.*

(3) *Ketchum v. Denver Police Dep't,* No. 90–F–1623 (D.Colo. Sept. 12, 1991), *aff'd,* No. 90–1282 (10th Cir. Feb. 25, 1991), *reh'g denied,* Mar. 6, 1991. *Pro se* civil rights action under 42 U.S.C. § 1983 seeking damages and other relief. Mr. Ketchum complains that he was falsely arrested for "begging" and for "urinating in public," and that his constitutional rights were violated because the police did take him to the hospital for treatment of his nose broken in a previous "false arrest," and because they confiscated his personal property.

(4) *Norman a/k/a Ketchum v. Disability Determination Servs. of Colo.,* No. 90–F–1624 (D.Colo. Sept. 12, 1991), *aff'd,* No. 90–1283 (10th Cir. Feb. 14, 1991). *Pro se* civil rights action under 42 U.S.C. § 1983 seeking damages and other relief. Mr. Ketchum complains that he is unable to exhaust administrative remedies as to his claimed wrongful denial of Social Securi-

APPENDIX A—Continued

ty benefits, and seeks a waiver of the exhaustion requirement.

(5) *Ketchum v. Burgess* [sic], No. 90–F–1625 (D.Colo. Sept. 12, 1991), *aff'd*, No. 90–1284 (10th Cir. Feb. 25, 1991), *reh'g denied*, Mar. 6, 1991. *Pro se* civil rights action under 42 U.S.C. § 1983 against Ibsen Birgers of Colorado Mental Health Institute, formerly Colorado State Hospital, seeking damages and other relief. Mr. Ketchum complains that, while he was a hospital patient, his access to the courts was denied because Mr. Birgers refused to provide him with photocopies or notary services for pleadings or postage for mailing legal letters, and because the United States Postal Service returned his legal letters for insufficient postage. He also claims that Mr. Birgers allowed other individuals to steal his personal property, and did not require hospital staff to search for the allegedly stolen property.

(6) *Ketchum v. Idaho Springs Police Dep't*, No. 90–F–1626 (D.Colo. Sept. 12, 1991), *aff'd*, No. 90–1285 (10th Cir. Feb. 22, 1991), *reh'g denied*, Mar. 6, 1991. *Pro se* civil rights action under 42 U.S.C. § 1983 seeking damages and other relief. Mr. Ketchum complains that he was "harassed" on two occasions by police officers from the Idaho Springs, Colorado, Police Department while he was hitchhiking from Idaho Springs to Denver, and that this conduct violated his constitutional rights.

(7) *Ketchum v. Dr. Marshal [sic]*, No. 90–F–1627 (D.Colo. Sept. 12, 1991), *aff'd in part, rev'd in part*, and *remanded for further proceedings*, No. 90–1281 (10th Cir. Feb. 25, 1991); Aug. 13, 1991, United States Magistrate's recommendation of dismissal pending adoption by the court. *Pro se* civil rights action under 42 U.S.C. § 1983 seeking damages and other relief. Mr. Ketchum complains that, on an occasion when he voluntarily committed himself to be treated for mental illness, Robert W. Marshall, M.D., of Colorado Mental Health Institute, formerly Colorado State Hospital, forced him to taken an antipsychotic drug, thorazine, as a means of "punishment," and that the doctor refused to prescribe medication for his pain, depression and anxiety. Mr. Ketchum contends he suffered adverse side effects from antipsychotic drug use.

(8) *Ketchum v. Fogg*, No. 91–F–654 (D.Colo. Apr. 22, 1991), *appeal filed*, No. 91–1164 (10th Cir. May 3, 1991). *Pro se* civil rights action under 42 U.S.C. § 1983 against Mark Fogg, an attorney in private practice with the law firm of Cooper & Kelley, P.C., seeking damages and other relief.

(9) *Ketchum v. City & County of Denver Police*, No. 91–F–859 (D.Colo. May 21, 1991), *aff'd*, No. 91–1203 (10th Cir. Aug. 19, 1991). *Pro se* civil rights action under 42 U.S.C. § 1983 seeking damages and other relief. The complaint arises out of Mr. Ketchum's allegedly false arrest by the Denver, Colorado, Police Department. He makes this and other allegations similar to those raised in a previously dismissed complaint. *See Ketchum v. Denver Police Dep't*, No. 90–F–1623 (D.Colo. Sept. 12, 1991), *aff'd*, No. 90–1282 (10th Cir. Feb. 25, 1991), *reh'g denied*, Mar. 6, 1991.

(10) *Ketchum v. Birgers, et al.*, No. 91–F–860 (D.Colo. May 21, 1991), *appeal docketed*, No. 91–1202 (10th Cir. June 4, 1991). *Pro se* civil rights action under 42 U.S.C. § 1983 against Ibsen Birgers, a psychiatric coordinator at Colorado Mental Health Institute, formerly Colorado State Hospital, and against the hospital superintendent seeking damages and other relief. The complaint arises out of Mr. Ketchum's confinement as a mental patient at the hospital. He makes this and other allegations similar to those raised in a previously dismissed complaint against Mr. Birgers. *See Ketchum v. Burgess* [sic], No. 90–F–1625 (D.Colo. Sept. 12, 1991), *aff'd*, No. 90–1284 (10th Cir. Feb. 25, 1991), *reh'g denied*, Mar. 6, 1991.

(11) *Ketchum v. F[ederal] B[ureau] [of] I[nvestigation], et al.*, No. 91–F–861 (D.Colo. May 21, 1991), *appeal docketed*, No. 91–1204 (10th Cir. June 4, 1991). *Pro se* civil rights action under 42 U.S.C. § 1983 against Federal Bureau of Inves-

tigation and National Crime Information Center seeking damages and other relief. The complaint arises out of defendants' compilation of allegedly false records about Mr. Ketchum that he contends have been the basis for fifty-four false arrests.

(12) *Ketchum v. Thornburgh, et al.*, No. 91–F–862 (D.Colo. May 21, 1991), *appeal docketed*, No. 91–1205 (10th Cir. June 4, 1991). *Pro se* civil rights action under 42 U.S.C. § 1983 against Richard Thornburgh, Attorney General of the United States, and the United States Department of Justice seeking damages and other relief. The complaint arises out of defendants' alleged failure to protect Mr. Ketchum from an "aggravated battery" committed by two individuals allegedly arrested for the crime. Mr. Ketchum seeks for defendants to prosecute the alleged assailants.

(13) *Ketchum v. Spanish Peaks Mental Health Center, et al.*, No. 91–F–863 (D.Colo. May 21, 1991), *appeal docketed*, No. 91–1206 (10th Cir. June 4, 1991). *Pro se* civil rights action under 42 U.S.C. § 1983 against Spanish Peaks Mental Health Center and the United States Postal Service seeking damages and other relief. Mr. Ketchum complains that defendants deprived him of documents sent to him by the Office for Civil Rights of the United States Department of Health and Human Services regarding the complaint he filed against the Social Security Administration.

(14) *Ketchum v. United States Postal Serv.*, No. 91–F–864 (D.Colo. May 21, 1991), *appeal docketed*, No. 91–1207 (10th Cir. June 4, 1991). *Pro se* civil rights action under 42 U.S.C. § 1983 seeking damages and other relief, including a mailbox close to where he resides, one hundred stamps, and mail sorting and delivery in Pueblo, Colorado. Mr. Ketchum complains that the United States Postal Service is mishandling his mail. He makes this and other allegations similar to those raised in a previously dismissed complaint, in which he names the United States Postal Service

as a defendant. *See Ketchum v. Food & Drug Admin., et al.*, No. 89–Z–2182 (D.Colo. Jan. 31, 1990), *adopting* Dec. 20, 1989, United States Magistrate's recommendation of dismissal, *aff'd*, No. 90–1031 (10th Cir. Aug. 6, 1990).

(15) *Ketchum v. Dr. Cruz, et al.*, No. 91–F–865 (D.Colo. Aug. 30, 1991). *Pro se* civil rights action under 42 U.S.C. § 1983 against Salvador Cruz, M.D., seeking damages and other relief. At the heart of the complaint is Mr. Ketchum's contention that, while he was residing at Grand House, a residential treatment facility of the Spanish Peaks Mental Health Center, Dr. Cruz and the center violated his constitutional rights by committing him to the hospital for seventy-two hours in retaliation for his complaining about his medical treatment.

## APPENDIX B

### Procedures for Petition Seeking Leave To File Pro Se Action

Any documents Mr. Ketchum wishes to submit for filing in this district shall be delivered to Room 145 of the Office of the Clerk, United States District Court, United States Courthouse, 1929 Stout Street, Denver, Colorado 80294. As a requisite to filing a *pro se* complaint, Mr. Ketchum must file three documents:

(1) A petition titled, "Petition Pursuant to Court Order Seeking Leave to File a *Pro Se* Action." Mr. Ketchum shall affix a copy of this order to the petition;

(2) An affidavit in proper legal form as directed below; and

(3) A copy of the complaint or claims sought to be filed in this district.

The Petition Pursuant to Court Order Seeking Leave to File a *Pro Se* Action must contain the following information:

(1) a statement advising the court whether any defendant to the lawsuit was a party, or was any way involved in, any prior lawsuit involving Mr. Ketchum, and if so in what capacity;

(2) a list of all lawsuits in the United States District Court for the District of Colorado, the United States Court of Ap-

peals for the Tenth Circuit, the United States Supreme Court, and state courts in which Mr. Ketchum was or is a party; the name and citation of each case, if applicable, including jurisdiction; his involvement in each lawsuit; the status of each lawsuit; and the disposition;

(3) a list of all federal or state cases in which a judgment was rendered against Mr. Ketchum, if any; the name and citation of each case; the amount of judgment rendered against him, if any; the amount of the judgment that remains outstanding; and the reasons why the judgment remains outstanding;

(4) a list of all federal or state cases in which a judgment was rendered in favor of Mr. Ketchum, if any; the name and citation of each case; the amount of judgment rendered in favor of him, if any; the amount of the judgment that remains outstanding; and the reasons why the judgment remains outstanding.

The affidavit shall be in proper legal form, with appropriate jurat and notarization, and is to contain the following recitals:

(1) that the complaint or claims Mr. Ketchum wishes to present never before have been raised by him and disposed of by any federal or state court;

(2) that to the best of his knowledge the claim or claims are not frivolous or taken in bad faith; that the claim or claims are well grounded in fact and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; that the lawsuit is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. *See* Fed. R.Civ.P. 11; and

(3) that the claim or claims are not meant to harass any individual or entity.

We note that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

The complaint or claims sought to be filed in this district must comply with this order, Fed.R.Civ.P. 8, all other provisions contained in the Federal Rules of Civil Procedure, and the United States District Court for the District of Colorado Local Rules of Practice (the "Local Rules of Practice.")

The procedure for review of Mr. Ketchum's intended filings is as follows:

Whenever Mr. Ketchum submits a petition for leave to file a *pro se* action pursuant to this court order, the Clerk of the Court, or designated deputies, will accept the documents, mark them received, and immediately forward them to a United States Magistrate Judge.

The Magistrate Judge shall recommend approval or disapproval of the petition. The Magistrate Judge shall consider the following:

(1) whether Mr. Ketchum has complied with this order in all particulars;

(2) whether Mr. Ketchum's complaint complies with the Federal Rules of Civil Procedure and Local Rules of Practice;

(3) whether the complaint is frivolous, abusive, harassing or malicious;

(4) whether the claims raised in Mr. Ketchum's complaint have been raised by him and disposed of by any federal or state court;

(5) whether there has been full compliance with Fed.R.Civ.P. 11, and all pleadings and filings are not violative of 28 U.S.C. § 1927;

(6) whether the complaint alleges claims against individuals or entities that may have immunity from suit; and

(7) such other reasonable requirements established by the court or the Magistrate Judge.

The Magistrate Judge shall not otherwise address the merits of the complaint. The Magistrate Judge shall submit proposed findings and a recommendation as to disposition of the petition to the Chief Judge of the United States District Court

for the District of Colorado, or his designees. Copies of proposed findings and recommendations shall be mailed to the petitioner and all interested parties. These individuals shall have ten days after service of the proposed findings and recommendations to serve and file written, specific objections to them. If no such objections are filed in a timely manner, the Magistrate Judge's proposed findings and recommendations may be accepted by the Chief Judge or his designees and appropriate orders entered without further notice. *See* Rule 603 of the Local Rules of Practice. No provision is made for oral presentations in support of the petition. *Tripati v. Beaman,* 878 F.2d at 354.

Failure to comply with the procedures and principles mandated by this order shall be sufficient grounds for denying the petition for leave to file.

The Magistrate Judge may recommend disapproval of the petition upon false recitals in the filings. Upon false recitals in the filings, Mr. Ketchum may be considered in violation of this order, and he may be subject to other orders of the court, including appropriate sanctions. The provisions contained in Fed.R.Civ.P. 11 and 28 U.S.C. § 1927 are incorporated into this order.

At the discretion of the Chief Judge, the filings may be presented directly to a district judge who shall pass on the petition, following procedures set forth herein.

If the court enters an order granting the petition, the Clerk of the Court shall cause the complaint and materials to be filed as of the date of the order. The assignment of the case shall be pursuant to the Local Rules of Practice.

All filings in the matter shall be in strict conformity with the Federal Rules of Civil Procedure and the Local Rules of Practice. This order shall not interfere in any way with pending actions, orders or judgments of any federal court involving Mr. Ketchum.