996 F.2d 310
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Clovis Carl GREEN, Jr., Plaintiff-Appellant,
v.
Honorable Sherman G. FINESILVER, Chief Judge, United States
District Court for the District of Colorado, and
United States District Court for the
District of Colorado,
Defendants-Appellees.
 Nos. 93-1069, 93-1071.
 United States Court of Appeals, Tenth Circuit.
 June 9, 1993.
 
 Before McKAY, Chief Judge, SEYMOUR, and KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 PER CURIAM.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 These consolidated appeals are taken from the district court's judgment dismissing two consolidated petitions for declaratory and injunctive relief. In those petitions, Mr. Green challenged what he termed the district court's unconstitutional rules, regulations, and practices as applied to certain of his other cases filed in that court. His primary complaint is the speed with which his cases are processed. He also alleges both that he has exhausted state remedies as required by 28 U.S.C. § 2254(b) and that because the state appellate process will take four years, he is not required to do so in light of Harris v. Champion, 938 F.2d 1062 (10th Cir.1991).
 
 
 3
 The relief sought included a declaration that the district court's local rules, practices, and procedures are unconstitutional and an injunction requiring priority for habeas corpus petitions and motions for release on personal recognizance bonds. He also sought to enjoin the respondents (the chief judge of the United States District Court for the District of Colorado and the court itself) from refusing "to issue new regulations and rules so that state prisoners in Colorado will no longer be required to first exhaust state remedies prior to filing petitions for writs of habeas corpus in this court."
 
 
 4
 The district court consolidated the cases and dismissed the petitions "as frivolous under 28 U.S.C. § 1915(d) because they lack an arguable basis in either law or in fact," citing Neitzke v. Williams, 490 U.S. 319, 325 (1989) and Denton v. Hernandez, 112 S.Ct. 1728, 1733 (1992). The court went on to order restrictions on Mr. Green's future filings based on his history as an abusive litigant.
 
 
 5
 On appeal Mr. Green continues to claim that he submitted meritorious claims and issues in the petitions filed in district court. He contends that his filing of legal memoranda in all his cases (twenty-three actions filed in district court since 1989) proves he does not have "malicious intent" and that only four of his actions were dismissed as frivolous. Mr. Green also argues that certain of his other cases were not processed quickly enough and that state remedies need not be exhausted. Finally, he claims that with respect to the restrictions on his future filings, the district court has required him "to produce--in ever [sic] single future court suit--detailed information about prior court decisions that the District Court knows Appellant cannot now produce."
 
 
 6
 We affirm the district court's dismissal of the petitions for declaratory and injunctive relief. Petitioner has failed to demonstrate that the district court's rules, practices, or policies are unconstitutional. Of the numerous actions filed in federal district court in Colorado in recent years, only three civil cases remain pending in that court. Many of his complaints are repetitious; none of his claims have been determined meritorious. The exhaustion issue can be raised in his appeals from the denial of habeas corpus relief.
 
 
 7
 The district court also outlined sanctions against Mr. Green prohibiting him from initiating further actions unless permitted by the court to proceed pro se and prescribing the prerequisites under which such leave would be considered. In entering the order without first advising Mr. Green, the trial court erred. Tripati v. Beaman, 878 F.2d 351, 354 (10th Cir.1989) (litigant is entitled to notice and an opportunity to oppose [restrictive] order before it is instituted); see also White v. General Motors Corp., 908 F.2d 675, 686 (10th Cir.1990) (party who is target of sanctions request has due process right to notice and opportunity to respond before final judgment); Braley v. Campbell, 832 F.2d 1504, 1514 (10th Cir.1987) (same). The notice and opportunity requirement does not require an in-person hearing; written objections will suffice. Tripati v. Beaman, 878 F.2d at 354.
 
 
 8
 Mr. Green is also advised that while we express no opinion on the merits of these restrictions as applied to him, this court has recently upheld nearly identical requirements. See Ketchum v. Cruz, 775 F.Supp. 1399, 1403-08 (D.Colo.1991), aff'd, 961 F.2d 916, 921 (10th Cir.1992).
 
 
 9
 Accordingly, we vacate and remand for further proceedings that part of the district court's judgment imposing restrictions on Mr. Green's future filings. The judgment is affirmed in all other respects. The "Motion for Special Court Order, etc." is denied.
 
 
 10
 AFFIRMED in part, VACATED and REMANDED in part.
 
 
 11
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3