19 F.3d 33
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Bill Ray GUINN, Plaintiff-Appellant,
v.
Tom COOPER and L.A. Hesse, Superintendent of Centennial
Correctional Facility, Defendants-Appellees.
 Nos. 93-1247, 93-1303.
 United States Court of Appeals, Tenth Circuit.
 March 8, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district court adopting the recommendations of the United States Magistrate Judge and dismissing plaintiff's complaint brought pursuant to 42 U.S.C.1983. Plaintiff appeals on the ground that the district court erred in determining that none of plaintiff's constitutional rights were violated when he was transferred temporarily from the Centennial Correctional Facility to the Fremont Correctional Facility and further in denying plaintiff's motion to amend his original complaint.
 
 
 3
 All of plaintiff's allegations relate to his temporary transfer for 14 days to the Fremont Correctional Facility after he had been incarcerated at the Centennial Correctional Facility. At Centennial he has been classified as a maximum security/general population inmate. At the Fremont Correctional Facility he was held in conditions comparable to a maximum security/administrative segregation classification. On appeal, plaintiff argues that this transfer violated his right to due process of law and equal protection of the law and his right against cruel and unusual punishment. We agree with the conclusion of the district court and the magistrate judge that any harm that resulted from this transfer does not rise to the level of a constitutional violation. Plaintiff has no constitutional right to continued incarceration at any particular facility or under any particular classification. Moody v. Daggett, 429 U.S. 78 (1976). Plaintiff in this action seeks damages against Tom Cooper, an official of the Colorado Department of Corrections. Suits against public officials alleging action in their official capacity are barred by the Eleventh Amendment. Meade v. Grubbs, 841 F.2d 1512 (10th Cir.1988). Thus, defendant Cooper in this case is immune from this suit because he was acting in his official capacity. Finally, plaintiff alleges that the district court erred in refusing to grant him leave to amend his original complaint. Although Federal Rule of Civil Procedure 15(a) gives plaintiff the right to amend his complaint as a matter of course before a responsive pleading has been served, the district court can exercise its discretion to decide that any amendment would be futile. Foman v. Davis, 371 U.S. 178 (1962). Under the circumstances of this case, the district court did not abuse its discretion in refusing to allow amendment of the complaint because none of the proposed amendments would have supported a constitutional violation. We AFFIRM for substantially the reasons given by the magistrate judge and adopted by the district court. All other outstanding motions in these cases are denied. The mandate shall issue forthwith.
 
 ENTERED FOR THE COURT
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470