61 F.3d 915
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert E. COTNER, Petitioner-Appellant,
v.
STATE of Oklahoma, ex rel; Creek County, Respondents-Appellees.
 No. 95-6109.
(D.C.No. CV-94-1783-T)
 United States Court of Appeals, Tenth Circuit.
 July 19, 1995.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-Appellant Robert E. Cotner ("Cotner") appeals the dismissal of his pro se complaint. After the district court granted his motion to proceed in forma pauperis, Cotner brought his original complaint seeking a declaratory judgment pursuant to 28 U.S.C. 2201 that Defendants had violated his federal constitutional rights to due process in the Oklahoma state courts. The district court referred the matter to a magistrate, and the magistrate recommended dismissal of the complaint as nothing more than an improper attempt to circumvent the state appellate process. In response, Cotner filed an objection to the magistrate's report and moved to amend his complaint. He then filed an amended complaint. The district court reviewed and adopted the magistrate's recommendation, declining to exercise jurisdiction over Cotner's original complaint and denying his motion to amend. While we agree with the district court's reasoning with respect to the original complaint, we hold that the district court abused its discretion when it refused to allow Cotner to amend that complaint.
 
 
 3
 Fed.R.Civ.P. 15(a) provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served...." Defendants have served no responsive pleadings in this matter, and this was Cotner's first attempt to amend his complaint. Rule 15, therefore, precludes the district court's denial. While we are mindful of the district court's concern with pro se litigants who frequently file and change the nature of their actions, this concern cannot serve to deprive Cotner of this right to amend his complaint once prior to a responsive pleading.[2]
 
 
 4
 We, therefore, REVERSE the district court's denial of Cotner's motion to amend and its subsequent dismissal of his complaint. We REMAND the case to the district court with instructions to allow Cotner to amend his original complaint and to then determine whether his amended complaint is sufficient to withstand dismissal under 28 U.S.C.1915(d).
 
 
 5
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 We note that a district court may deny a plaintiff's right to amend a complaint under Rule 15(a) if amendment is clearly futile. See Ketchum v. Cruz, 961 F.2d 916, 920 (10th Cir.1992); Guinn v. Cooper, 19 F.3d 33, 1994 WL 75848 (10th Cir. Mar. 8, 1994) (unpublished order and judgment), cert. denied, 115 S.Ct. 228 (1994). In the current posture of this case, Cotner's amendment would be futile only if it was frivolous. On the record before us, we cannot say that Cotner's requested amendment is frivolous