66 F.3d 338
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Gerald J. KARG, Albert E. Karg, Plaintiff-Counter-Defendant/Appellant,
v.
Kent GOODMAN; Debra Tamblin; Center Ventures, a Colorado
corporation; Edward Zdenek; Michael Beasecker; Eugene
Mitchell; William Stover; Arthur Marsh, Jr.; Jerry
Reeves; Century Bank of Fort Collins, a Colorado
corporation; David Sullivan; Peggy Sage; Security Title
Guaranty Co.; Smith Investments; Larimer County, Colorado,
a Colorado Subdivision; Fort Collins, City of, a Colorado
Subdivision; Steven Francis; Ramsey Myatt; Timothy
Hasler; David J. Powers; Raymond Hale; Allied Finance
Company; Real Estate Commission; Janelle Tyree; Jane
Goodwin; Robert Witt; Eugene Fischer, Defendants-Appellees,
v.
Lawrence BLOCK, Counterclaim-Defendant-Appellee.
 No. 94-1515.
 United States Court of Appeals, Tenth Circuit.
 Sept. 1, 1995.
 
 Before SEYMOUR, Chief Judge, MCKAY and HENRY, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Gerald and Albert Karg, farmers and ranchers, brought a pro se action asserting numerous claims against various individuals, including state officials, arising from real estate transactions. The district court denied a motion for continuance prepared by conditional counsel for the Kargs, denied leave to amend, and ultimately dismissed their complaint with prejudice. The Kargs appeal, and we reverse.
 
 
 3
 The Kargs filed their original pro se complaint in July 1993. Various defendants responded to this admittedly substandard document by filing pleadings raising its deficiencies. In June 1994, an attorney entered an appearance on behalf of the Kargs conditioned upon the court's grant of a motion for continuance filed simultaneously. The motion for continuance recognized the need to amend the complaint, and it indicated counsel's intent to seek leave to amend and to respond to outstanding motions and discovery, requesting sixty additional days in which to do so. The district court denied this motion a week later because it "fails to state good cause for further delay." Rec., supp. vol. I, doc. 89. On July 11, 1994, the Kargs filed both a pro se motion for enlargement of time stating that they now had access to an attorney who would represent them if given time to do so and a motion for leave to amend their original complaint. The district court denied leave to amend the next day on the ground that the Kargs' proposals for amendment were too vague. The district court ultimately dismissed the original complaint with prejudice because it violated Rule 8(a) of the Federal Rules of Civil Procedure, failed to allege all the elements of a claim under 42 U.S.C. Sec. 1983 or 42 U.S.C. Sec. 1985, failed to indicate how various defendants participated in the alleged wrongful conduct, and failed to allege fraud with particularity.
 
 
 4
 The Kargs, who are now represented by counsel, allege on appeal that the district court abused its discretion in denying them the opportunity to amend their complaint. We agree. Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires," and the Supreme Court has emphasized that "this mandate is to be heeded," Foman v. Davis, 371 U.S. 178, 182 (1962). "Generally, refusing leave to amend is only justified upon a showing of undue delay, bad faith, or undue prejudice to the opposing party." Childers v. Independent Sch. Dist. No. 1, 676 F.2d 1338, 1343 (10th Cir.1982).
 
 
 5
 In this case, the district court denied counsel's request for a continuance, which in essence denied leave to amend, because the request failed to state good cause for delay. Although we realize that the case had been pending for a year, we do not believe the grant of an additional sixty days would have resulted in undue delay, particularly when the case had not been set for trial and the district court did not "at long last [find] the time to study this file" until over sixty days after the request for continuance had been filed. Rec., vol. I, doc. 97, at 1. A complaint amended by counsel might well have substantially shortened the court's review of the file.
 
 
 6
 In view of our conclusion that the district court abused its discretion in denying the initial request filed by counsel, we need not address the court's later rulings in detail. We do, however, make the following observations. Defendants correctly argue that leave to amend need not be granted when the proposed amendment would itself be subject to dismissal. See Ketchum v. Cruz, 961 F.2d 916, 920 (10th Cir.1992). That principle, however, is not applicable to the proposed amended complaint subsequently filed by the Kargs pro se. The Kargs filed this document only after their attempts to obtain time to amend through counsel were improperly denied by the district court.
 
 
 7
 REVERSED AND REMANDED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470