**Robert H. KETCHUM, Plaintiff–Appellant,**

v.

**Salvador CRUZ, M.D., Defendant–Appellee,**

**Spanish Peaks Mental Health Center, Defendant.**

No. 91–1318.

United States Court of Appeals, Tenth Circuit.

April 13, 1992.

---

---

Robert H. Ketchum, pro se.

Mark A. Fogg of Cooper & Kelley, P.C., Denver, Colo., for defendant-appellee.

Before LOGAN, Circuit Judge, BARRETT, Senior Circuit Judge, and EBEL, Circuit Judge.

BARRETT, Senior Circuit Judge.

The issues in this case are whether plaintiff Robert H. Ketchum's § 1983 lawsuit was properly dismissed, whether his motion to amend his complaint was properly denied, and whether he was properly restricted from filing further pro se lawsuits in the United States District Court for the District of Colorado (district court) absent permission from the district court to do so. For the reasons set forth below, we affirm.[1]

In early 1990 plaintiff was a resident and patient at Grand House, part of Spanish Peaks Mental Health Center (Spanish Peaks) in Pueblo, Colorado, a halfway house he entered after his release from the Colorado State Hospital (state hospital) in Pueblo. On February 22, 1990, he was admitted to the state hospital under the provisions of Colorado's statutory emergency treatment procedure for individuals experiencing acute mental or emotional problems. *See* Colo.Rev.Stat. § 27–10–105.

---

**1.** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

His behavior at Spanish Peaks at that time was described as "delusional, angry, agitated, disruptive and ... unmanageable." R.Vol. I tab 7 at 3. The referring physician for this emergency commitment was also his treating psychiatrist at Spanish Peaks, Dr. Salvadore Cruz. After one day of the seventy-two hour emergency treatment period, plaintiff voluntarily committed himself to residence and treatment at the state hospital, where he stayed for six months.

In his pro se complaint, R.Vol. I tab 2, plaintiff alleges that he was improperly committed without twenty-four-hour written notice or court order, that his emergency commitment was the result of a conspiracy to punish him for writing letters of complaint to the director of Spanish Peaks, that he was confined to the state hospital in order that defendants could control his social security benefits, that he was denied postage stamps that he needed for court access, that he did not receive proper treatment for a broken leg suffered during his residence at Spanish Peaks, and that he should have been placed in the least-restrictive treatment setting in Pueblo rather than being returned to the state hospital. Plaintiff named Dr. Cruz and Spanish Peaks as defendants to the complaint and asserted that 42 U.S.C. §§ 1983, 1985(3) were the bases for the action.

In response to plaintiff's complaint, the district court granted plaintiff's motion to proceed without prepayment of fees and costs, R.Vol. I tab 3 at 1–2, and dismissed Spanish Peaks under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief could be granted. *Id.* at 2–3. The court dismissed plaintiff's claims under § 1985(3) as vague and conclusory, without any allegations of a conspiracy motivated by racial or other class-based, invidiously discriminatory animus. *Id.* at 4. The court ordered Dr. Cruz to submit a *Martinez* report[2] to "detail the commitment procedure or procedures utilized to hold Mr. Ketchum in Colorado State Hospital for

seventy-two hours, and the reasons for such commitment." *Id.* at 3. The district court ordered that plaintiff had a week after the *Martinez* report was filed "to supplement or object to any facts or documents set forth in the *Martinez* report." *Id.* In addition, the district court noted that plaintiff had filed seven lawsuits in the district court in a three-week period and eight other actions since October 12, 1989. The court warned plaintiff that the court "may" place reasonable restrictions on plaintiff's access to the court in response to vexatious, groundless litigation. *Id.* at 5.

Defendant submitted a *Martinez* report, R.Vol. I tab 7, summarizing the Colorado statute under which plaintiff was committed and the reasons and procedures utilized for plaintiff's emergency commitment under that statute. The *Martinez* report included five exhibits: (1) copies of plaintiff's weekly reviews by the staff at Spanish Peaks for the four weeks in February 1990; (2) the emergency mental health report and application; (3) the psychiatric assessment by the staff psychiatrist at the state hospital, written the day after plaintiff's emergency commitment; (4) the state hospital's mental and physical diagnosis summary drafted the day after plaintiff's emergency commitment; and (5) portions of the deposition of plaintiff's treating psychiatrist at the state hospital.

In response to the *Martinez* report, plaintiff submitted two filings, R.Vol. I tabs 6 and 8, each merely repeating the allegations of plaintiff's original complaint. Plaintiff submitted no factual support for his allegations. He also, inter alia, requested permission to amend his complaint by adding as defendants his treating psychiatrist at the state hospital and the physician who approved Spanish Peaks' application for emergency commitment.

Defendant moved to dismiss the action under Fed.R.Civ.P. 12(b)(6) for failure to state a claim. In response, over plaintiff's unsupported objection to dismissal for fail-

---

2. "Under *Martinez v. Aaron,* 570 F.2d 317[, 319] (10th Cir.1978) and *El'Amin v. Pearce,* [750] F.2d 829[, 832] (10th Cir.1984), the court may order [a party] to prepare and submit a special report, commonly referred to as a *Martinez* report, to be used to clarify an obscure complaint filed by a *pro se* litigant." R.Vol. I tab 3 at 3.

ure to state a claim, R.Vol. I tab 10, the district court dismissed the action by summary judgment. *Ketchum v. Cruz*, 775 F.Supp. 1399 (D.Colo.1991) (district court order). The district court found that defendant complied with all the requirements of Colo.Rev.Stat. § 27–10–105 and that plaintiff's various claims were either without factual support or did not rise to the level of constitutional deprivation. The district court denied plaintiff's motion to amend the complaint to add the two defendants.

In addition, the district court enjoined plaintiff from filing any further pro se claims in the United States District Court for the District of Colorado. The court required plaintiff to be represented by an attorney licensed to practice in Colorado and before the district court unless plaintiff first obtains permission to proceed pro se from the district court. District court order at 1403–04. The district court order established procedures for the court clerk to enforce this prohibition and for plaintiff to follow should he desire to request pro se status in a future action. *Id.* & App.B.

We interpret plaintiff's pro se appeal to raise three issues: whether his lawsuit was properly dismissed, whether his motion to amend his complaint was properly denied, and whether he was properly enjoined from filing further pro se lawsuits in the district court absent permission from the district court to do so. We will treat each issue in turn.

## I.

██ Fed.R.Civ.P. 12(c) provides that:

If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Thus, because the district court considered the *Martinez* report, a document outside the pleadings, defendant's motion to dismiss was properly converted by the district court to a motion for summary judgment.

We review grant of summary judgment de novo, considering all facts in the light most favorable to the non-moving party. *Culver v. Town of Torrington*, 930 F.2d 1456, 1458 (10th Cir.1991).

██ After review of the record and the briefs of the parties under this standard, we agree with the district court that there was no rational basis for plaintiff's complaint in law or fact. However, the district court committed plain procedural error because it did not give plaintiff notice that it was converting defendant's motion to dismiss on the pleadings into a summary judgment consideration.

The district court is required by Rule 12(c) ("all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56") and by Tenth Circuit precedent to instruct plaintiff that he had the opportunity to respond to defendant's motion as a motion for summary judgment.

[B]efore a court may grant summary judgment, it must give the opposing party the opportunity to submit any material pertinent to the motion as construed. The court cannot convert a motion to dismiss to a motion for summary judgment without notice, unless the opposing party has responded to the movant's attempt to convert the motion by filing his own affidavits.

*United States v. Gutierrez*, 839 F.2d 648, 651 (10th Cir.1988) (citing *Ohio v. Peterson, Lowry, Rall, Barber & Ross*, 585 F.2d 454 (10th Cir.1978), and *Nichols v. United States*, 796 F.2d 361, 364 (10th Cir.1986)); *cf., Moore v. United States*, 950 F.2d 656, 659 (10th Cir.1991) (magistrates must "inform a pro se litigant not only of the time period for filing objections [to magistrate's findings and recommendations], but also of the consequences of a failure to object").

██ However, even in light of this error, we hold that dismissal was the proper disposition for this case. The only allegations from plaintiff's complaint which could be viewed as colorable bases for a cause of action under § 1983 were those describing claimed improper commitment to the state

hospital under Colo.Rev.Stat. § 27–10–105. Defendant showed, through the *Martinez* report and its attachments, that he complied with all the requirements of section 27–10–105. Under these circumstances, the district court was correct to dismiss the complaint.

Rather than dismissing the case under summary judgment analysis, however, the court should have dismissed the complaint under 28 U.S.C. § 1915(d) ("The court may ... dismiss [an in forma pauperis case] ... if satisfied that the action is frivolous or malicious."). "[A]n in forma pauperis complaint is frivolous if the plaintiff cannot make a rational argument on the law or on the facts to support his claim...." *Nordgren v. Hayward*, 638 F.2d 224, 226 (10th Cir.1981). In contrast to dismissal under Fed.R.Civ.P. 12(b)(6), dismissal under § 1915(d) may follow consideration of material outside the pleadings, and specifically may follow consideration of a *Martinez* report. *See Taylor v. Wallace*, 931 F.2d 698, 700 n. 3 (10th Cir. 1991) ("The special *Martinez* report may be used in a section 1915(d) evaluation 'as a means of determining jurisdiction, sorting and clarifying issues and otherwise elucidating the often obscure complaints filed by pro se plaintiffs.' ") (citation omitted); *Nordgren*, 638 F.2d at 226 (§ 1915(d) determination may be made on the basis of the administrative report).[3]

The district court's dismissal of the case under summary judgment was error because it did not notify plaintiff of his right to reply to the court's transmutation of defendant's motion to dismiss under Rule 12(b)(6) to a motion for summary judgment. This error was harmless, however, because as a matter of law the complaint was frivolous under 28 U.S.C. § 1915(d). *Cf., Taylor*, 931 F.2d at 700 ("The dismissal of a complaint pursuant to section 1915(d) is a determination made prior to invoking the adversarial protections of Rule 12(b)(6)."). Although the rule of federal civil procedure cited by the district court as authority for its dismissal was incorrect, dismissal of this case was the correct result, and we affirm the dismissal under 28 U.S.C. § 1915(d) as a frivolous suit.

II.

We review denial of plaintiff's motion to amend for abuse of discretion. *Schepp v. Fremont County*, 900 F.2d 1448, 1451 (10th Cir.1990). "The district court was clearly justified in denying the motion to amend if the proposed amendment could not have withstood a motion to dismiss or otherwise failed to state a claim. *E.g., Foman v. Davis*, 371 U.S. 178, 182 [83 S.Ct. 227, 230, 9 L.Ed.2d 222], ... (1962) (futility of amendment adequate justification to refuse to grant leave to amend)." *Id.* Here, the district court found:

In [plaintiff's] June 17, 1991, response [to the *Martinez* report], he seeks to amend the complaint by naming as co-defendants Robert W. Marshall, M.D., and Martin Schaefer, M.D., both affiliated

---

**3.** *Martinez* reports are intended to provide information for the district court which will enable it to decide preliminary matters, including jurisdiction and definition of the issues, especially in § 1983 actions. *Martinez v. Aaron*, 570 F.2d 317, 319 (10th Cir.1978); *El'Amin v. Pearce*, 750 F.2d 829, 832 (10th Cir.1984). *Martinez* reports have been used in this circuit almost exclusively to provide the court preliminary information, furnished by prison administration personnel, in pro se cases brought by prisoners against prison officials. *But see DeLancy v. Caldwell*, 741 F.2d 1246, 1247 (10th Cir.1984) (Attorney General ordered to prepare a *Martinez* report outlining the circumstances alleged in a civil claim arising from defendant court reporter's alleged three-year refusal to allow plaintiff to purchase a portion of state trial transcript). The district court's order in the case before us for a *Martinez* report to be provided by the defendant physician was not inappropriate considering the unusual circumstances of this case. Plaintiff's pro se complaint was composed entirely of inartfully drafted, unsupported conclusory allegations, making it impossible for the district court to know whether plaintiff had any basis in law or fact to state a cause of action against the named defendants. Administrative information was available from the state hospital and its employees concerning the emergency commitment about which plaintiff appeared to be objecting. Under these circumstances, the district court's request for and use of the *Martinez* report was not error, especially when viewed in light of the multiple filings by this plaintiff. *See* R.Vol. I tab 3 at 5, App. A & B; tab 12 at 7–8, App. A.

with the hospital. In the spirit of *Haines v. Kerner*, 404 U.S. 519, 520–21 [92 S.Ct. 594, 595–96, 30 L.Ed.2d 652] (1972), the June 17, 1991, response will be liberally construed, in part, as a motion to amend the complaint pursuant to Fed.R.Civ.P. 15(a). Even reading the motion liberally, however, Mr. Ketchum makes no factual allegations to support a claim against Drs. Marshall and Schaefer, and apparently seeks to add them as defendants merely because they are mentioned in, and provided information for, the *Martinez* report. The motion is denied.

District court order at 1401. We note again that plaintiff was properly committed to the state hospital under the Colorado statutory emergency temporary procedure and that he established no factual basis for any of his allegations. The addition of two more defendants whose actions were already explained and documented in the *Martinez* report would have been futile. The district court did not abuse its discretion when it denied plaintiff's motion to amend his complaint to add these two additional defendants.

### III.

■ We turn now to the issue of the restrictions the district court placed on plaintiff's access to that court. In *Tripati v. Beaman*, 878 F.2d 351 (10th Cir.1989), this court approved restrictions placed on litigants with a documented lengthy history of vexatious, abusive actions, provided that the restraining court publishes guidelines about "what plaintiff must do to obtain the court's permission to file an action," *id.* at 354, and the party is given notice and an opportunity to respond to the restrictive order. *Id.*[4] In the case before us, the district court documented plaintiff's history of abusive litigation, both in the order for a *Martinez* report, R.Vol. I tab 3 at 5, App. A & B, and in the final district court order, R.Vol. I tab 12 at 7–8, App. A. The court drafted detailed guidelines, appropriate to plaintiff's history of litigation. *Id.* at 9, App. B. The court gave plaintiff prior notice in its order for the *Martinez* report. It warned:

> Mr. Ketchum is cautioned that this court may place reasonable restrictions on the court access of litigants who abuse the judicial process by harassing other litigants. Mr. Ketchum also is cautioned that a pattern of a groundless and vexatious litigation will justify an order issued from this court enjoining him from filing any claims without first seeking prior leave of court.

R.Vol. I tab 3 at 5 (bold in original) (citations omitted). Although this notice does not notify plaintiff of his right to oppose future restriction, plaintiff did respond immediately to the court's criticism: "I don't intend to harass other litigants or be vexatious, nor do I wish to." R.Vol. I tab 4. Plaintiff's subjective good faith in filing vexatious lawsuits in the federal district court is not a factor in that court's power to exercise control over abuse of the court as a legal forum. *See Tripati*, 878 F.2d 351 (subjective good faith not mentioned as element).

■ We approve the district court's order restricting plaintiff's pro se access to the district court. It permits him access to the court when represented by an attorney admitted to practice both in Colorado and before the district court and spells out with precision and clarity how plaintiff can obtain leave to file actions pro se, should he desire to do so.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

---

**4.** "As the United States Supreme Court recently noted, it is within the inherent powers of this court to impose appropriate restrictions on abusive in forma pauperis litigation. *In re Mc-Donald*, 489 U.S. 180 [109 S.Ct. 993, 103 L.Ed.2d 158] ... (1989). The Constitution provides no right of access to the courts to prosecute actions that are frivolous or malicious." *Rubins v. Roetker*, 737 F.Supp. 1140, 1144 (D.Colo.1990) (also citing *Tripati*, 878 F.2d 351), *aff'd*, 936 F.2d 583 (10th Cir.1991). *See also Colo. ex rel. Colo. Judicial Dep't v. Fleming*, 726 F.Supp. 1216 (D.Colo.1989).