977 F.2d 596
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rasheed SALAAM, A/K/A Gregory D. Cosby, Plaintiff-Appellant,
v.
Sgt. C. STONE, Sgt. D. Graves, Dep. G. Brostleman, Dep. D.
Lowe, Defendants-Appellees.
 No. 92-3055.
 United States Court of Appeals, Tenth Circuit.
 Oct. 1, 1992.
 
 Before LOGAN, Circuit Judge, BARRETT, Senior Circuit Judge, and EBEL, Circuit Judge.*
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 This direct appeal arises out of events occurring on September 17, 1990, while the appellant was incarcerated at the Johnson County Adult Detention Center in Johnson County, Kansas. As the appellant was being transferred from his cell to administrative detention, in preparation for his appearance in state court, the appellant began to struggle with the appellees, his guards. The appellees used force to restrain the appellant, causing him to suffer several cuts and abrasions, and a bruised jaw. The appellant was eventually taken to Olathe Medical Center where he received treatment for his injuries.
 
 
 2
 The appellant subsequently filed a complaint against the appellees in the United States District Court for the District of Kansas, pursuant to 42 U.S.C. § 1983, alleging that the appellees violated his Eighth Amendment rights by using excessive force and denying him appropriate medical care. The district court dismissed both of the appellant's claims on summary judgment. On appeal,[1] the appellant challenges the district court's decision on two grounds: (1) the district court failed to give the appellant a reasonable opportunity to respond to the appellees' motion for summary judgment, and (2) the district court erred in granting summary judgment. We affirm.
 
 
 3
 Before a district court may grant summary judgment, the court must give a pro se litigant a reasonable opportunity to respond to such a motion. Ketchum v. Cruz, 961 F.2d 916, 919 (10th Cir.1992); Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir.1991). Such an opportunity is lacking if a pro se litigant fails to respond because he was not informed either of the filing deadline or of the consequences of missing this deadline. Moore v. United States, 950 F.2d 656, 659 (10th Cir.1991). In this case, the record reveals that the appellant filed a response to the appellees' motion for summary judgment, accompanied by the affidavit of another inmate, Richard Grissom. See R. at No. 28. We conclude, therefore, that the appellant was not denied a reasonable opportunity to respond to the appellees' motion for summary judgment.
 
 
 4
 Summary judgment is appropriate "when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. A party opposing a motion for summary judgment may not rest on mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The appellant has failed to satisfy this burden with respect to either of his allegations of cruel and unusual punishment.
 
 
 5
 The use of excessive force in the course of a prison security measure does not amount to cruel and unusual punishment unless it is inflicted "maliciously and sadistically with the very purpose of causing harm" Whitley v. Albers, 475 U.S. 312, 320-21 (1976), or is "totally without penological justification", Rhodes v. Chapman, 452 U.S. 337, 346 (1981). While the appellant alleges facts suggesting that the appellees' use of force may have been excessive, he does not deny the appellees' argument that the use of force was necessary to restrain him. Consequently, the appellant has failed to supply any facts indicating that the appellees' use of force was motivated by an improper or non-penological purpose, thereby entitling the appellees to summary judgment on the appellant's claim of excessive force.
 
 
 6
 Failure to supply medical care may also constitute an Eighth Amendment violation if it is the result of "deliberate indifference" to a prisoner's "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). In this case, the appellant has failed to provide any facts indicating that he was suffering from a serious medical injury or that he was denied medical treatment. The appellees provided several affidavits stating that the appellant received both initial and follow-up medical care, and that the appellant's most severe injury was a bruised jaw. See R. at No. 15. Once again, therefore, we conclude that the appellant has failed to allege specific facts evidencing a violation of his Eighth Amendment rights and that summary judgment is appropriate.
 
 
 7
 The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited or used by any court within the Tenth Circuit, except for purposes of establishing doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The appellant's motion to proceed in forma pauperis is granted