7 F.3d 1046
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Stephen WOJCIECHOWSKI, Plaintiff-Appellant,
v.
John CLOUGH, M.D., Defendant-Appellee,
and
Adventist Health--System/Sunbelt Health Care Corporation,
doing business as Sierra Vista Hospital, Defendant.
 No. 93-2054.
 United States Court of Appeals, Tenth Circuit.
 Oct. 8, 1993.
 
 D.N.M., D.C. No. CIV 90-429.
 AFFIRMED.
 Before SEYMOUR and EBEL, Circuit Judges, and THOMPSON,* District Judge.
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals the district court's denial of his motion to amend his complaint and grant of summary judgment in favor of defendant on the basis that plaintiff's medical malpractice claim was barred by the statute of limitations. We review the denial of a motion to amend a complaint for abuse of discretion. Ketchum v. Cruz, 961 F.2d 916, 920 (10th Cir.1992). We review the grant of summary judgment de novo and apply the same legal standard used by the district court under Fed.R.Civ.P. 56(c). Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990).
 
 
 3
 Plaintiff filed his original complaint on May 1, 1990. In his second amended complaint, plaintiff alleges that defendant committed medical malpractice during July 1982 while treating plaintiff for injuries suffered in a car accident. Specifically, plaintiff claims that defendant was negligent in failing to x-ray his cervical spine and diagnose his fractured neck. Plaintiff also alleges that defendant fraudulently concealed his malpractice by altering plaintiff's medical records. Through his motion to file a third amended complaint, plaintiff sought to add an allegation that defendant was not a "qualified" health care provider as that term is defined in New Mexico's Medical Malpractice Act, N.M.Stat.Ann. §§ 41-5-1 to -29.
 
 
 4
 In New Mexico, medical malpractice actions against qualified health care providers must be brought within three years of the date the act of alleged malpractice occurred. Id. § 41-5-13. This period may be tolled where the physician fraudulently conceals his malpractice. Kern ex rel. Kern v. St. Joseph Hosp., Inc., 697 P.2d 135, 138 (N.M.1985).
 
 
 5
 To toll the statute of limitations under the doctrine of fraudulent concealment, a patient has the burden ... of showing (1) that the physician knew of the alleged wrongful act and concealed it from the patient or had material information pertinent to its discovery which he failed to disclose, and (2) that the patient did not know, or could not have known through the exercise of reasonable diligence, of his cause of action within the statutory period.
 
 
 6
 Id. at 139. For actions against "unqualified" health care providers, the three-year statute of limitations runs from the time the plaintiff knows or with reasonable diligence should have known of the injury and its cause. Roberts v. Southwest Community Health Servs., 837 P.2d 442, 451 (N.M.1992). The evidentiary standard for showing fraudulent concealment is clear and convincing evidence; the standard applicable to claims against unqualified health care providers is preponderance of the evidence.
 
 
 7
 Plaintiff argues that he did not know, and through reasonable diligence could not have known, of defendant's malpractice until September 1989 when, during a separate case brought by plaintiff arising out of the same accident, medical experts testified to defendant's malpractice and his attempts to conceal it. Though plaintiff's attorney had access to plaintiff's medical records within months of the 1982 accident, plaintiff contends that his attorney did not recognize the malpractice. He claims that there are disputed factual issues that could not be resolved on summary judgment.
 
 
 8
 In its January 29, 1993, order, the district court found that there was no concealment of the malpractice. This finding was based largely on the fact that plaintiff's two medical experts both testified that the malpractice was clear from the medical records available to plaintiff shortly after the injury. The district court also concluded that under either a clear and convincing standard or a preponderance standard, plaintiff had not set forth specific facts showing that he exercised reasonable diligence and that he could not have known of the malpractice earlier. The court therefore concluded that allowing plaintiff to amend his complaint would be unavailing, and it granted summary judgment to defendant.
 
 
 9
 We have considered the parties' arguments and the evidence submitted, and we agree with the district court's analysis of the facts and application of the law. Therefore, for substantially the reasons stated in the district court's order, we affirm the district court's grant of defendant's motion for summary judgment and denial of plaintiff's motion to amend his complaint.
 
 
 10
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 *
 Honorable Ralph G. Thompson, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3