16 F.3d 417
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Sherman L. SHAW, Plaintiff-Appellant,
v.
Frank W. MASTERS, Clinical Professor; David W. Robinson,
Professor; Gene Arthur Budig; John C. McFadden, Associate
General Counsel, as members of the University of Kansas
Medical Center; Fred Allenbrand, Sheriff of Johnson County,
Defendants-Appellees.
 No. 93-3289.
 United States Court of Appeals, Tenth Circuit.
 Feb. 7, 1994.
 
 Before SEYMOUR, Chief Judge, and McKAY and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Sherman Shaw brought a pro se civil rights action against defendants Frank W. Masters, David W. Robinson, Gene A. Budig, John C. McFadden, and Fred Allenbrand claiming they deprived him of his constitutional rights in violation of 42 U.S.C.1983 and 1985. The district court granted defendants' motion for summary judgment. Rec., vol. II, doc. 38. Defendant then filed a motion to amend the judgment. Rec., vol. II, doc. 40. The district court treated Mr. Shaw's motion as a motion for reconsideration and overruled it for lack of merit. Rec., supp. vol. I, doc. 50. We affirm.
 
 
 3
 Mr. Shaw was transported to the University of Kansas Medical Center (KUMC) in November 1989 to receive treatment for severe burns he sustained as the result of a fire. While at KUMC, Mr. Shaw underwent surgery and skin grafts on his legs and thighs. He alleges that on December 12, 1989, while in surgery at KUMC, defendants or their agents surreptitiously implanted an electronic surveillance device in his thigh for the purpose of monitoring his conversations and movements. He also alleges that defendant Allenbrand, the sheriff of Johnson County, Kansas, has used the "bugging" device in his thigh to monitor him, and has sent helicopters and agents into Kansas City, Missouri, to pursue and harass him.
 
 
 4
 In its memorandum and order, the district court considered both the facts of this case and the applicable law and granted defendants' request for summary judgment. We affirm substantially on the basis of the district court's decision. In addition, we review the district court's denial of Mr. Shaw's motion to amend for abuse of discretion. See Ketchum v. Cruz, 961 F.2d 916, 920 (10th Cir.1992). The district court specifically noted that, after reviewing Mr. Shaw's motion, "it articulates nothing warranting reconsideration of the court's previous Memorandum and Order." Rec., supp. vol. I, doc. 50 at 1. Because we find no abuse of discretion, we affirm.
 
 
 5
 Finally, in an apparent attempt to continue this suit despite the district court's decision below, Mr. Shaw has filed before this court additional pro se motions seeking to drop defendant Allenbrand from the suit and to join Robert Stephan, the Attorney General for the State of Kansas, as well as four individual members of the Kansas Surgery Association and the insurance carrier of the Kansas Surgery Association. Mr. Shaw had ample opportunity to bring such motions before the district court. Indeed, in his motion to amend, Mr. Shaw requested the substitution of certain parties, but the district court overruled Mr. Shaw's motion as meritless. It is improper to add parties on appeal and Mr. Shaw's motion is therefore denied.
 
 
 6
 The decision below is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 22, 1993