**UNITED STATES COURT OF APPEALS**
**Filed 12/10/96**
**TENTH CIRCUIT**

ELDON HAYS,

      Plaintiff-Appellant,

v.

RALPH WADLEIGH; OTERO
COUNTY COURT, STATE OF
COLORADO, John Doe and Jane Doe
One Through Ten,

      Defendants-Appellees.

No. 96-1217
No. 96-1303
(D.C. No. C.A. 96-Z-798)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL**, and **HENRY**, Circuit Judges.[**]

      Plaintiff-appellant Eldon Hays brought this 42 U.S.C. § 1983 action against

employees of Otero County Court, claiming that his constitutional rights were

violated when he was denied access to public court records.  The district court

---

      * This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

      ** After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1.9.  The cause is therefore ordered submitted without oral argument.

dismissed the complaint because it was filed in violation of a court order barring Hays from filing pro se actions without prior leave of court. The court also denied his right to appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a) because it found that the appeal was not taken in good faith. Hays appeals the dismissal of his complaint and asks this court to grant him leave to proceed in forma pauperis.

Plaintiff is no stranger to the federal courts. Citing plaintiff's abuse of the judicial process, the district court issued orders in three prior actions requiring that Hays receive permission before bringing subsequent pro se actions. We have approved similar restrictions on litigants with a history of bringing abusive actions. See, e.g., Ketchum v. Cruz, 961 F.2d 916, 920 (10th Cir. 1992). Hays brought the current action pro se and without prior approval of the court. Thus, the district court did not err in dismissing the action.

The bar order was called to the district court's attention in defendant Wadleigh's Advisement to the Court filed on April 29, 1996. Hays contends that the dismissal was improper because he was never served with a copy of the Advisement and because he never had an opportunity to respond to it. We reject these contentions. Defendant submitted proof, in the form of an affidavit of service, that plaintiff was served with a copy of the Advisement. Moreover, the

district court could have properly dismissed the complaint <u>sua sponte</u> and without prior notice to the plaintiff upon learning that its bar order had been violated.

Title 28 U.S.C. § 1915(a) provides: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The district court so certified in this case and its certificate is entitled to weight. <u>Coppedge v. United States</u>, 369 U.S. 438, 446 (1962). Good faith requires that the plaintiff's argument on appeal must not be frivolous. <u>Id</u>. at 445. "Frivolous" has been defined as involving inarguable legal conclusions. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). In filing a <u>pro se</u> action without prior court approval, plaintiff violated the court's bar order and the resulting dismissal of plaintiff's action was clearly proper. Plaintiff's appeal of this issue is frivolous. We thus deny plaintiff's motion to proceed <u>in forma pauperis</u>.

For the reasons set out above, we AFFIRM the district court's order dismissing plaintiff's complaint, and we DENY plaintiff leave to proceed <u>in forma pauperis</u> on appeal.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge