**In re Stephen Paul WALLACE, d/b/a Wallace Real Estate Company, d/b/a River Oaks Associates, d/b/a Wallace Investments, Debtor.**

No. 02–00073–M.

United States Bankruptcy Court,
N.D. Oklahoma.

Dec. 6, 2002.

Order imposing restrictions Dec. 31, 2002.

**140**

Patrick J. Malloy, Trustee, Tulsa, OK, for Debtor.

## MEMORANDUM OPINION

TERRENCE L. MICHAEL,
Bankruptcy Judge.

THIS MATTER comes before the Court for consideration of the Motion for Imposition of Filing Restrictions Pursuant to [Bankruptcy] Rule 9001 and [11 U.S.C. § ] 105 (the "Motion"), as supplemented, filed by Patrick J. Malloy III, Trustee herein ("Trustee" or "Mr. Malloy"), the pleadings filed in support of the Motion by the Trust Company of Oklahoma ("TCO"), Ronald J. Saffa, Bank One, Oklahoma, N.A. ("Bank One") and Poe & Associates, Inc. ("Poe"), and the Opposition to the Motion filed by Stephen Paul Wallace, Debtor herein

("Debtor" or "Mr. Wallace"). A hearing on the Motion was held on October 30, 2002. Mr. Malloy and the Debtor appeared *pro se*. Also appearing were Mark A. Craige on behalf of Ronald J. Saffa, William R. Grimm on behalf of John Woolman and Woolman Properties, Jon M. Payne for Bank One, Joseph Pitts and Steven W. Soulé for Poe, James Milton for TCO and Paul Thomas for the Office of the United States Trustee ("UST"). The following findings of fact and conclusions of law are made pursuant to Bankruptcy Rule 7052 and Federal Rule of Civil Procedure 52, which are made applicable to this contested matter by Bankruptcy Rule 9014.

## Jurisdiction

The Court has jurisdiction over this contested matter pursuant to 28 U.S.C.A. § 1334(b) (West 2002).[1] Reference to the Court of this contested matter is proper pursuant to 28 U.S.C.A. § 157(a) (West 2002). This contested matter is a core proceeding as contemplated by 28 U.S.C.A. § 157(b)(2)(A) (West 2002).

## Findings of Fact

Mr. Wallace filed an original petition for relief under Chapter 11 of the United States Bankruptcy Code before the United States Bankruptcy Court for the Western District of Oklahoma on September 13, 2001. Thereafter, upon motion of creditors, an order was entered transferring this case to the United States Bankruptcy Court for the Northern District of Oklahoma. Said transfer was effectuated on January 4, 2002. On January 8, 2002, this case was assigned to the undersigned judge. Upon motion of the UST, and over the objection of the Debtor, this case was converted to a case under Chapter 7 of the United States Bankruptcy Code on June 5,

---

1. Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C.A. § 101 *et seq.* (West 2002).

2002. Mr. Malloy was thereafter appointed to serve as trustee herein.

For the most part, Mr. Wallace has purported to represent himself while his case has proceeded before this judge. While the case was pending as a Chapter 11 case, Mr. Wallace attempted to employ a Mr. Robert Mitchell. Said employment was denied because Mr. Mitchell is a creditor of this bankruptcy estate, and thus did not qualify as a "disinterested party" under § 327.[2] Mr. Wallace later employed Melinda Martin, an attorney who regularly practices before this Court. Mr. Wallace terminated Ms. Martin in open court on May 22, 2002, and the Court formally allowed her withdrawal on May 29, 2002.

In the course of his self-representation, Mr. Wallace has filed pleadings containing allegations which attack the personal and professional integrity of virtually every attorney and judicial officer who has been involved in the case. The following is a representative sample of the allegations made by Mr. Wallace. In all cases, the emphasis noted in the document was in the original.

1. *Adversary Proceeding No. 02–0108–M, Docket No. 1* (filed May 28, 2002):

This is an adversary proceeding filed by Mr. Wallace against various individuals and entities, including Poe, Saffa, Bank One, Michael Freeman (former counsel of record for Mr. Wallace), Melinda Martin (also former counsel for the Debtor) and the "U.S. Bankruptcy Court for the Northern District of Oklahoma." In his complaint, Mr. Wallace makes the following allegations:

On or about January 3, 2002, Plaintiff/Debtor's case was transferred from the Western District to the Northern District of Oklahoma Bankruptcy Court by **electronic draw** to Judge Dana L. Rasure.

On January 8, 2002, Debtor/Plaintiff alleges Chief Judge Terrence Michael[3] fraudulently induced Judge Rasure to transfer the case to his Court in direct contravention of the random selection process to avoid judicial impropriety selection.

Plaintiff/Debtor alleges this was just another predicate act of judicial abuse which commenced in the Western District with Judge TeSelle, confirmed by Judge Cauthron and now perpetrated by Judge Michael.

2. *Docket No. 272* (filed July 5, 2002):

This pleading was entitled "Emergency Motion for Disqualification of Trial Judge Due to Alleged RICO Violations and Obstruction of Justice." In this Motion, Mr. Wallace sought the disqualification of the undersigned judge. The motion contains the following statements:

That the U.S. Trustee and Judge TeSelle, the Debtors [sic] Chapter 11 judge in the Western District, did align themselves with the large influential law firms in Tulsa seeking to criminally convert Debtor's $30,000,000 Family Estate for themselves and their clients listed on the Civil Cover Sheet.

\*     \*     \*     \*     \*     \*

That Judge TeSelle, [Michael] Freeman, [Michael] Kirschner, et al., did criminally alter a U.S. Bankruptcy transcript

---

**2.** Mr. Mitchell's continued involvement in this case is a matter of some question. *See* p. 146 *infra.*

**3.** This statement is incorrect. Judge Rasure was the chief judge of this Court on January 8, 2002.

and deleted filings in the Record as confirmed by the docket sheet.

That Judge TeSelle did co-conspire with the Tulsa law firms and their clients to railroad Debtor to trial in the State cases without counsel or evidence while maliciously holding Debtor in the Western District after Judge TeSelle had remanded the case to the Northern District. (Tulsa)

\*       \*       \*       \*       \*       \*

That Judge Michael and the U.S. Trustee conspired to align themselves with the local law firms to deny debtor counsel when Robert Mitchell, Esq. disclosed himself as a creditor yet sought to waive that conflict with the Court in order to continue representation of the Debtor under the Chapter 11 Reorganization process.[4]

This motion was summarily denied after a hearing on July 9, 2002. *See Docket No. 278.* Mr. Wallace has not sought to appeal said order.

3. *Docket No. 361* (filed September 27, 2002):

This was yet another motion filed by Mr. Wallace seeking disqualification of this Judge. This time, Mr. Wallace alleged

> That Debtor has shown with **preponderance of the evidence** and **beyond a reasonable doubt** that Judge Michaels

[sic] has aided and abetted the criminal conversion of Debtor's estate.

This motion was summarily denied on October 1, 2002.[5]

4. *Docket No. 377* (filed October 15, 2002):

In this pleading, Mr. Wallace sought to withdraw a prior motion seeking disqualification of Mr. Malloy as trustee in this case. The withdrawal contains the following accusations:

> Wallace recognizes the Bankruptcy Trustee [Mr. Malloy] is a mere extension of the U.S. Trustee which Wallace has alleged as the **"bagmen"** for Debtor's adversaries who have denied all federally guaranteed rights under Chapter 11 using their **color of title, color of office and under color of Law.**

5. *Docket No. 404* (filed October 30, 2002):

This pleading was filed by Mr. Wallace in response to a notice by Mr. Malloy that he intended to settle certain litigation and sell certain property of the estate. Mr. Wallace objected to both of the proposed courses of action. In the course of his objection, he made these accusations:

> That Pat Malloy III, Malloy & Malloy law firm and Pat Malloy, Jr. have entered into an **alliance** with Debtors [sic] adversaries to criminally convert the

---

4. This final statement misstates the record. Mr. Mitchell, the holder of a pre-petition claim against the estate, sought to be employed for the purpose of representing Mr. Wallace in defense of the motion to convert this case from Chapter 11 to Chapter 7. An evidentiary hearing on the requested retention was held on April 2, 2002. At that hearing, Mr. Mitchell refused to waive his pre-petition claim, but argued that he qualified as special counsel under § 327(e) for representation solely related to the dismissal or conversion of the case. The Court disagreed with Mr. Mitchell, finding that such representation constituted general representation of the debtor, and required counsel to be disinterested as that term is defined in § 327(a). On that basis, the Court denied the Debtor's request to employ Mr. Mitchell as special counsel. *See Docket No. 196.* At no time has Mr. Mitchell filed any document indicating a willingness to waive his pre-petition claim.

5. Mr. Wallace has sought the disqualification of this judge on not less than three separate occasions, twice by written motion and once upon oral request made in open court. *See Docket Nos. 272 and 361.*

Wallace Family Estate for their own benefit and use utilizing their **color of title, color of office and under color of Law.**

That on October 7, 2002, Pat Malloy III filed a notice and motion to sell Debtors [sic] F & M Bank stock without tendering to the Court and Debtor the buy/sell agreement between F & M and Debtor nor has Pat Malloy III offered the stock to Debtor or to the public at large to collect bids to achieve the highest possible return to the Estate.

That such conduct breaches his fiduciary duty to the Debtor and the estate in a premeditated criminal scheme to bypass the standard bankruptcy procedure for marshalling [sic] assets.

That Pat Malloy III, Pat Malloy Jr. and the Malloy Law firm have been facilitating and converting assets fraudulently for years using the **color of title, color of office** and **under color of Law.** See Bankruptcy Case: **Warren Adams, et al.**

That their co-conspiratorial efforts with the U.S. Trustee and Debtor's adversaries constitute a **pattern of racketeering** with predicate acts including **officers of the Court,** et al.

That Pat Malloy III's dismissal of the U.S. Court of Appeals for the 10th Circuit in Case No. 01–5213 is but a mere sham and criminal conversion of the rights of co-plaintiffs under **color of office, color of title** and **under color of Law.**

That Malloy III et al have acted beyond their contractual obligations to partici-pate and assume the **"co-bagmen"** status with Paul Thomas and other agents of the U.S. Trustee's Office under **color of title, color of office** and **under color of Law.**

The examples are illustrative and not exhaustive.

The Court held an evidentiary hearing on the Motion on October 30, 2002. The Trustee presented evidence of the various and sundry allegations made against him and against others by Mr. Wallace, the nature and content of which is outlined above. Counsel for Bank One presented evidence to establish that Mr. Wallace had been engaged in direct contact with the Chief Executive Officer of Bank One at a time when Mr. Wallace and Bank One were engaged in litigation, and while Bank One was represented by counsel. Although Mr. Wallace made some inquiry of counsel for Bank One, and also testified on his own behalf, he offered no evidence in support of any of the attacks he has made upon counsel and the Court.

One of the motions filed by the Trustee sought Court approval to sell stock owned by the bankruptcy estate. Mr. Wallace objected to the sale, and made the accusations outlined above. *See Docket No. 404.* An evidentiary hearing with respect to the motion to sell and Mr. Wallace's objection was held on November 13, 2002. Although provided with an opportunity to do so, Mr. Wallace declined to present any evidence in support of the allegations which he made against the Trustee in his objection to the sale.[6] The Court thus concludes

---

**6.** Mr. Wallace declined to present any evidence at the November 13, 2002, hearing. The Court and Mr. Wallace then engaged in the following exchange:

MR. WALLACE:     I'll take this opportunity, Your Honor, again to challenge the process of which I was brought into this bankruptcy in the Western District. I challenge the Court's not giving me the—the tape of Judge Turcell's (phonetic)—I judge—I challenge Judge Turcell's—

144

THE COURT: Move along, Mr. Wallace. I have heard this time and time and time again, and it's not what's before the Court today.

MR. WALLACE: Well, I'm just setting a record, Your Honor, about what—about the—the denial of my rights, that I feel that I have been—have been taken upon me, and that the— that the U.S. Trustee and this trustee-

THE COURT: I'm not going to listen to this again, Mr. Wallace. You've made this record. What's on today is the sale of this stock, no more, no less.

MR. WALLACE: I object to it, Your Honor, and I see it as a—as a scheme or plan by the trustees, and I object to it, and I -

THE COURT: What evidence of a scheme did you present today, Mr. Wallace?

MR. WALLACE: Well, I've been—

THE COURT: What evidence, sir?

MR. WALLACE: I've been presenting it over the last year, Your Honor, in every court, in every venue. I've been denied discovery in this court.

THE COURT: What evidence did you present today, sir? That's my question.

You have pled, and I quote, "that Pat Malloy III, Malloy and Malloy Law Firm, and Pat Malloy, Jr. have entered into an alliance with debtor's adversaries to criminally convert the Wallace Family estate for their own benefit and use."

Today in this courtroom what evidence of that did you present?

MR. WALLACE: I didn't know that was before the Court today.

THE COURT: It's in your objection that's here today. Why wouldn't it be before the Court?

MR. WALLACE: I'm sorry. I misunderstood your statement on that.

THE COURT: Would you answer my question, sir? What evidence did you bring of Mr. Malloy's alleged improper and fraudulent conduct today since this hearing was commenced?

MR. WALLACE: I'll reserve that, Your Honor.

THE COURT: So you're not going to answer my question?

MR. WALLACE: Not at this time, Your Honor, please.

THE COURT: So you think you can just come in and if I ask you a question, you don't have to answer?

MR. WALLACE: No, I respectfully request that I don't have the evidence at this time.

THE COURT: What did you think? You filed an objection. Let me ask you another question.

You've alleged in paragraph 4 of your objection—that is what brought us here today is your objection, sir—that Pat Malloy, Pat—the III, Pat Malloy, Jr. and the Malloy Law Firm have been facilitating and converting assets fraudulently for years.

that the attacks against the Trustee contained in Mr. Wallace's October 30, 2002, pleading are without any basis in fact.

On November 20, 2002, Mr. Wallace filed a pleading in which he "withdraws his allegations regarding the Malloy Law Firm et al., filed on October 30, 2002." *See Docket No. 429.* This is not the first time that, upon a challenge, Mr. Wallace has sought to withdraw allegations of improper conduct. On September 20, 2002, Mr. Wallace filed a motion to dismiss an adversary proceeding brought by the Trustee in which he alleged that certain parties, including but not limited to Mr. Saffa, had engaged in "a pre-meditated criminal conversion (racketeering) plan of action." *See Adversary Proceeding No. 02–0197–M, Docket No. 4.* After his Motion to Dismiss was set for hearing, Mr. Wallace withdrew the motion and the allegations contained therein. *See Adversary Proceeding No. 02–0197–M, Docket No. 13.* On October 1, 2002, Mr. Wallace filed a pleading seeking the removal of Mr. Malloy as trustee, alleging that Mr. Malloy was "aiding and abetting not only the fraudulent and criminal conversion of Wallace's Estate, but that of his $30,000,000 Family Estate and the $15,000,000 residential golf community development with William E. Maddox." *See Docket No. 364.* That "Emergency Request" was withdrawn on October 15, 2002. *See Docket No. 377.*

This Court is not the only court in which the tactics engaged in by Mr. Wallace have been challenged or met with disapproval. On at least two occasions, the United States District Court for the Western District of Oklahoma has admonished Mr. Wallace for the filing of baseless pleadings. In one case, Mr. Wallace was informed that the "continued filing of baseless pleadings may subject him to the sanctions permitted under Fed.R.Civ.P. 11 and/or 28 U.S.C. § 1927." *See Trustee's Ex. 7.* Later, that same court admonished Mr. Wallace that "[a]ny further filings in this case *will* be met with 'sanctions pursuant to under Fed.R.Civ.P. 11 and/or 28 U.S.C. § 1927.'" *See Trustee's Exs. 8 and 9* (emphasis added). There is nothing in the record to indicate that said court ever imposed sanctions against Mr. Wallace.

Many of the pleadings filed by Mr. Wallace are largely unintelligible. For exam-

What evidence did you bring today of that allegation?

MR. WALLACE: I didn't bring evidence today, Your Honor.

THE COURT: So you've objected to a sale raising these allegations, which are extremely serious, and you—and you've brought no evidence of those today when you raised them in—in opposition to a sale? You raised these points in direct opposition to what's on for hearing today and you presented no evidence of them to support them; is that correct?

MR. WALLACE: I did not bring the party that relayed that information to me. No, I did not.

THE COURT: So the answer is "No." You may continue.

MR. WALLACE: That's all I have.

THE COURT: Thank you.

*Docket No. 440*, p. 14, line 3 through p. 16, line 23.

ple, on October 30, 2002, Mr. Wallace filed a pleading entitled "Judicial Notice of Challenge of Jurisdiction of Trustee Pat Malloy III.[sic] and Court is Proceeding Under On October 30, 2002 and Judicial Notice Pursuant [sic] to Rule 201 of Federal Rules of Evidence" which contained the following statement:

> It has come to the attention/knowledge of Stephen P. Wallace that "**THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA**" is moving under a silent/secret Jurisdiction, rather than an **Article III. Court Jurisdiction** and is a **Jurisdiction** in want of jurisdiction over subject matter, subject matter over the person and more specifically over the subject matter over the persons property, being a private legislative tribunal, inferior to the **UNITED STATES DISTRICT COURT.**

*See Docket No. 405* (emphasis in original). Thereafter, on November 20, 2002, Mr. Wallace filed a pleading entitled "Stephen P. Wallace Objection to Trustee: Pat Malloy's Objection and Counter Arguments for Entering Judgment for Emergency Request for Stay in U.S. Bankruptcy Court and Emergency Request for Order Certified Forensic Audit" wherein he alleged that, as a result of certain actions taken by President Franklin D. Roosevelt on June 3, 1933, the United States of America was placed in a "silent bankruptcy" and the ability of parties to enter into contracts with one another was permanently abrogated. *See Docket No. 429*, p. 6 ff. As to their merits, these allegations speak for themselves.

Most recently, the Court has been presented with evidence which would indicate that Mr. Wallace is obtaining the services of legal counsel in the preparation of pleadings which are then presented to the Court as *pro se* pleadings. On December 4, 2002, this Court held a hearing on a motion filed by Mr. Wallace asking the Court to vacate one of its prior orders. At that hearing, Mr. Wallace was questioned under oath regarding the contents of his motion to vacate. In response, Mr. Wallace testified that he did not prepare the pleading, but that the pleading was prepared by Mr. Robert Mitchell based upon information supplied by Mr. Wallace to Mr. Mitchell. Mr. Wallace also testified that Mr. Mitchell engaged in "research" with respect to the motion to vacate, and that certain "legalese" contained in the motion to vacate was the work of Mr. Mitchell. In addition, on at least one prior occasion, Mr. Wallace indicated to the Court that he had an unidentified "friend" assisting him in the preparation of pleadings. *See Docket No. 418*, p. 10, line 25 through p. 11, line 9.

Mr. Wallace has also engaged in direct contact with the Chief Executive Officer of Bank One while Bank One was represented by counsel. On February 7, 2001, Mr. Wallace hand delivered a letter to the office of Jamie Dixon, Chairman of the Board of Bank One, at their corporate offices in Chicago regarding litigation between Mr. Wallace and Bank One. Thereafter, Bank One advised counsel for Mr. Wallace that such contact was unacceptable to Bank One, and that all communications should proceed through counsel. At the November 13, 2002, hearing, Mr. Wallace claimed to have no knowledge of said letter. On November 11, 2002, Mr. Wallace sent another letter to Mr. Dixon. Bank One asks that such communications cease, and that all contact between Mr. Wallace and Bank One be made through Bank One's counsel.

To the extent the "Conclusions of Law" contain any items which should more appropriately be considered "Findings of

Fact," they are incorporated herein by this reference.

### Conclusions of Law

The Trustee has requested imposition of the following filing restrictions against Mr. Wallace:

1. That he must first file a Petition with the Clerk of this Court requesting permission to file a *pro se* pleading of any kind;

2. That the Petition include the following information:

   a. a list of all lawsuits currently pending or filed previously with this Court, including the name, number, and citation, if applicable, of those cases, and a statement indicating the nature of Mr. Wallace's involvement in the matter and the current status or disposition of the appeal or original proceedings;

   b. a list of all appeals filed in any State or Federal appellate court involving judgments entered against Mr. Wallace (including cases where the action was dismissed) and, if applicable, a list indicating the amount of any judgment or sanction rendered against Mr. Wallace, including a statement advising the court whether these judgments or sanctions have been paid and the date of such payment;

   c. a list advising this court of all assessments of attorney fees, costs, or contempt orders against Mr. Wallace arising out of any State or federal court proceeding;

3. That with any pleading filed, Mr. Wallace file with the Clerk of this Court a notarized affidavit, in proper form, which recites:

   a. the legal basis for the pleading to be filed;

   b. that the issues raised in the proposed pleading have never been raised in any State or Federal Court case, nor finally disposed of by any Federal or State court and are not to the best of the debtor's knowledge, barred by res judicata or collateral estoppel;

   c. that to the best of Mr. Wallace's knowledge, the legal or factual arguments raised by the proposed pleading are not frivolous or made in bad faith; that they are warranted by existing case law; that the intent of the proposed pleading is not improper and is not intended to delay or cause a needless increase in costs or to avoid the orders of this Court; and

   d. that Mr. Wallace will comply with the Rules of Bankruptcy Procedure and the local rules of this court.

The Trustee further seeks an order implementing the following procedure: all documents filed by Mr. Wallace on a *pro se* basis be submitted to the Clerk of the Court who shall forward the documents to the Court. The Court shall make a determination whether to permit the pleading to be filed on a *pro se* basis. If the Court does not approve the filing of the pleading on a *pro se* basis, the pleading shall be stricken. If the Court does approve the filing, the matter shall proceed in accordance with Rules of Bankruptcy Procedure and the local rules. All other parties whose appearances were noted at the beginning of this Memorandum Opinion support the Trustee's request. In addition, Bank One seeks an order of this Court prohibiting Mr. Wallace from making direct contact with the officers of Bank One with respect to the matters which are

presently in dispute. Mr. Wallace opposes the entry of any order restricting his access to the Court or his ability to directly contact the corporate officers of Bank One.

*The Request for Filing Restrictions*

■ The United States Court of Appeals for the Tenth Circuit has held that "the right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir.1989) (citation omitted). However, as the Trustee candidly admits, filing restrictions are an extremely harsh measure which should be imposed with both caution and restraint. There is a template in the Tenth Circuit for imposition of filing restrictions. In order for restrictions to be imposed: (1) there must be a pattern of abusive behavior; (2) the proposed restrictions must be disclosed to the affected litigant(s) prior to their imposition; and (3) those litigant(s) must be given an opportunity to object to the proposed restrictions. *Id.; see also Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir.1992).

■ The Court concludes that Mr. Wallace has engaged in a pattern of abusive behavior, as illustrated by the pleadings described above. Mr. Wallace has made derogatory accusations against every attorney and judicial officer involved in this bankruptcy case, including his own (former) counsel. He has *never* presented one scintilla of evidence in support of these allegations. Most recently, after being called to task with respect to this conduct, Mr. Wallace has begun to challenge the jurisdiction of this Court, alleging the existence of a "secret bankruptcy" some seventy years ago which somehow destroyed our entire economic system as we know it. Each of these pleadings consumes the time and energy of the parties, their attorneys

and the Court. The time has come for them to stop.

Appropriate restrictions are in order for Mr. Wallace. The exact nature of those restrictions is a difficult matter. The Court must balance the need to provide Mr. Wallace with access to the Court in order to address true and legitimate issues with the need to eliminate the waste of time and energy of all involved in responding to spurious allegations. With these thoughts in mind, the Court imposes the following restrictions upon Mr. Wallace with respect to future *pro se* filings before this Court:

1. Any pleading filed by Mr. Wallace on a *pro se* basis must contain a statement by Mr. Wallace under penalty of perjury pursuant to 28 U.S.C.A. § 1947 (West 2002), in proper form, which includes the following information:

   a. The legal basis for the pleading;

   b. The specific factual basis for the pleading;

   c. A statement that the issues raised in the proposed pleading have never been finally disposed of by any Federal or State court and are not to the best of Mr. Wallace's knowledge, barred by the doctrines of *res judicata* or collateral estoppel;

   d. Whether Mr. Wallace was aided in any way, shape or form by any individual in the preparation of the pleading, including but not limited to drafting, legal research, word processing or other forms of assistance. If such assistance has been provided, Mr. Wallace shall disclose:

      1. The identity of the person providing the assistance;

      2. The nature of assistance provided; and

3. The compensation paid by Mr. Wallace or by any other person on behalf of Mr. Wallace for such assistance.

e. A statement that the legal or factual arguments raised by the proposed pleading are not frivolous or made in bad faith; that to the best of Mr. Wallace's knowledge, they are warranted by existing case law; that the intent of the proposed pleading is not improper and is not intended to delay or cause a needless increase in costs or to avoid the orders of this Court; and

f. A statement that Mr. Wallace will comply with the Rules of Bankruptcy Procedure and the local rules of this Court.

2. All documents filed by Mr. Wallace on a *pro se* basis shall be forwarded to the Court. The Court shall make a determination whether Mr. Wallace has complied with this order and whether the pleading has sufficient merit on its face to justify further consideration by the Court and the parties. If the Court does not permit the pleading to go forward, the Court shall enter an order striking the pleading and stating the reasons for its decision. The Court may also, in its discretion, issue an order to Mr. Wallace pursuant to Bankruptcy Rule 9011(c)(1)(B) to show cause why sanctions should not be entered against him for violation of Bankruptcy Rule 9011(b). If the Court determines that the pleading has been filed in accordance with the terms set forth herein, the matter shall proceed in accordance with Rules of Bankruptcy Procedure and the local rules of this Court.

*Contact with Bank One Officials*

■ Bank One has requested that this Court "enter an Order directing that [Mr.] Wallace cease and desist from contacting Bank One's Chief Executive Officer or any other Bank One representative regarding the subject matter of any pending legal action including this bankruptcy proceeding." *See Docket No. 419.* The relief sought by Bank One is equitable and injunctive in nature. Such relief can only be obtained from the bankruptcy court through the filing of an adversary proceeding. *See* Fed. R. Bankr.P. 7001(7). Accordingly, the Court will deny the request of Bank One for a restraining order without prejudice.

**Conclusion**

The Motion for Imposition of Filing Restrictions Pursuant to [Bankruptcy] Rule 9001 and [11 U.S.C. § ]105 (the "Motion"), as supplemented, filed by Patrick J. Malloy III, Trustee herein, is granted in part. The Court will issue an order imposing the restrictions outlined above effective January 3, 2003, unless, on or before December 23, 2002, Mr. Wallace files a pleading objecting to the proposed restrictions, stating a detailed factual and legal basis for his objection. In the event an objection is timely filed, the Court will consider the same before entering a final order.

The Motion of Bank One for an Order directing Mr. Wallace to cease all direct contact with corporate officials of Bank One is denied without prejudice. The Court will enter judgment to that effect at the same time it enters a final order with respect to the filing restrictions.

**ORDER IMPOSING FILING RESTRICTIONS**

THIS MATTER comes before the Court for consideration of the Motion for Imposition of Filing Restrictions Pursuant to

[Bankruptcy] Rule 9001 and [11 U.S.C. § ]105 (the "Motion"), as supplemented, filed by Patrick J. Malloy III, Trustee herein. On December 6, 2002, this Court entered its Memorandum Opinion granting the Motion in part, outlining certain filing restrictions against Stephen Paul Wallace, Debtor herein, and providing Debtor until December 23, 2002, to file a pleading objecting to the proposed restrictions. The Court has reviewed the file and determined that the Memorandum Opinion was properly served upon the Debtor, and that no objections to the proposed restrictions have been filed. The Court will therefore enter its order enforcing the filing restrictions, effective January 3, 2003.

IT IS THEREFORE ORDERED that the Motion for Imposition of Filing Restrictions Pursuant to [Bankruptcy] Rule 9001 and [11 U.S.C. § ]105, as supplemented, filed by Patrick J. Malloy III, Trustee herein be, and the same hereby is, granted in part.

IT IS FURTHER ORDERED that, effective January 3, 2003, any pleading filed by Mr. Wallace on a *pro se* basis must contain a statement by Mr. Wallace under penalty of perjury pursuant to 28 U.S.C.A. § 1947 (West 2002), in proper form, which includes the following information:

   i. The legal basis for the pleading;

   ii. The specific factual basis for the pleading;

   iii. A statement that the issues raised in the proposed pleading have never been finally disposed of by any Federal or State court and are not to the best of Mr. Wallace's knowledge, barred by the doctrines of *res judicata* or collateral estoppel;

   iv. Whether Mr. Wallace was aided in any way, shape or form by any individual in the preparation of the pleading, including but not limited to drafting, legal research, word processing or other forms of assistance. If such assistance has been provided, Mr. Wallace shall disclose:

   (1) The identity of the person providing the assistance;

   (2) The nature of assistance provided; and

   (3) The compensation paid by Mr. Wallace or by any other person on behalf of Mr. Wallace for such assistance.

   v. A statement that the legal or factual arguments raised by the proposed pleading are not frivolous or made in bad faith; that to the best of Mr. Wallace's knowledge, they are warranted by existing case law; that the intent of the proposed pleading is not improper and is not intended to delay or cause a needless increase in costs or to avoid the orders of this Court; and

   vi. A statement that Mr. Wallace will comply with the Rules of Bankruptcy Procedure and the local rules of this Court.

IT IS FURTHER ORDERED that all documents filed by Mr. Wallace on a *pro se* basis shall be forwarded to the Court. The Court shall make a determination whether Mr. Wallace has complied with this order and whether the pleading has sufficient merit on its face to justify further consideration by the Court and the parties. If the Court does not permit the pleading to go forward, the Court shall enter an order striking the pleading and stating the reasons for its decision. The Court may also, in its discretion, issue an order to Mr. Wallace pursuant to Bankruptcy Rule 9011(c)(1)(B) to show cause why sanctions should not be entered against him for violation of Bankruptcy Rule 9011(b). If the Court determines that the pleading has been filed in accor-

dance with the terms set forth herein, the matter shall proceed in accordance with Rules of Bankruptcy Procedure and the local rules of this Court.